In the Matter of the Estate of GEORGE H. STORY, Deceased.

Surrogate's Court, New York County, December, 1923.

**Transfer tax — executors' commissions — specific bequests excluded — when double commissions not allowed.**

Where in a transfer tax proceeding the gross value of the personal estate was appraised at $139,731.32 and the value of specific bequests is $100,642.73, each of the executors is not entitled under section 285 of the Surrogate's Court Act to full commissions as a deduction from the assets of the estate.

TRANSFER TAX proceeding.

*Spencer, Ordway & Wierum*, for executors.

*Charles A. Curtin*, for State Tax Commission.

FOLEY, S. The executors appeal from the order fixing the transfer tax on the ground that one full commission has not been allowed to each of them as a deduction from the assets of the estate. The gross value of the personal estate is appraised at $139,731.32, and the value of the property specifically bequeathed is $100,642.73,

MATTER OF ANITA BLISS.        **773**

Misc. 773]      Surrogate's Court, New York County, December, 1923.

leaving a balance of $39,088.59. The executors contend that they are each entitled to full commissions because the gross personal estate exceeds $100,000. Section 285 of the Surrogate's Court Act provides that " If the gross value of the principal of the estate or fund accounted for amounts to one hundred thousand dollars or more, each executor   *   *   *   is entitled to full compensation on principal and income *allowed herein to a sole executor.*" In the previous language of the same section it is provided that the surrogate must allow a sole executor for his services " and if there be more than one apportion among them " commissions at certain percentage rates. Then follows the significant sentence, " But this shall not apply in case of a specific legacy or devise." It was the evident intention of the legislature to make this exception as to specific legacies applicable also to the subsequent provision with respect to full commissions to each executor. The value of the specific legacies must, therefore, be excluded in ascertaining whether the estate exceeds $100,000. Under the theory of the executors here, the mere coincidence that the value of the property specifically bequeathed increased the estate above the amount fixed in the section would subject the relatively small balance of the estate to double or triple commissions. In certain estates, by reason of the recent increase in the rates, this rule might have the effect of exhausting the entire residue.

The order is correct and the appeal of the executors is denied.

Decreed accordingly.